UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RAY BAKER, | No. 2:23-cv-02610-EFB (PC) |
| Plaintiff, | |
| v. | ORDER |
| CERVANTES, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). The court dismissed plaintiff's original complaint with leave to amend. ECF No. 11. Plaintiff has filed an amended complaint. ECF No. 14.

**I.  Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

////

This standard is echoed in 28 U.S.C. § 1915(e)(2), which requires that courts dismiss a

case in which a plaintiff proceeds in forma pauperis at any time if it determines, among other things, that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." "[The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (discussing the predecessor to modern § 1915(e)(2), former § 1915(d)). Thus, § 1915(e)(2) allows judges to dismiss a claim based on factual allegations that are clearly baseless, such as facts describing "fantastic or delusional scenarios." *Id.* at 327-38.

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## II. Screening Order

Plaintiff alleges that defendant Cervantes, a law library officer at High Desert State Prison, failed to escort plaintiff to the law library on April 1 and 2, 2023. ECF No. 14 at 1-2. During this period, plaintiff had been granted priority to use the library to prepare for a settlement conference in *James Ray Baker v. R. Chacon, et al.*, E.D. Cal. Case No. 2:22-cv-00878 (hereinafter "*Chacon*"), a "civil rights use of force" case. *Id.* at 1-2, 5. Cervantes said she did not want plaintiff around her because he had been placed in administrative segregation for indecent exposure and she feared he would expose himself to her. *Id.* at 2. Plaintiff claims that because he could not do necessary legal research, he settled *Chacon* for less than he could have. *Id.*

Plaintiff has a constitutional right of access to the courts. *Silva v. Di Vittorio*, 658 F.3d 1090, 1101-02 (9th Cir. 2001) *overruled on other grounds as stated by Richey v. Dahne*, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015). That right is limited to non-frivolous direct criminal appeals, habeas corpus proceedings, and § 1983 actions. *Lewis v. Casey*, 518 U.S. 343, 354-55 (1996).

To state a claim for denial of the right to access the courts, a prisoner must allege facts showing that he has suffered "actual injury," a jurisdictional requirement derived from the standing doctrine. *Lewis*, 518 U.S. at 349. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348 (citation and internal quotations omitted); *see also Alvarez v. Hill*, 518 F.3d 1152, 1155 n. 1 (9th Cir. 2008) ("Failure to show that a 'non-frivolous legal claim had been frustrated' is fatal" to a claim for denial of access to legal materials) (quoting Lewis, 518 U.S. at 353 & 353 n. 4). For backward-looking denial of access claims (such as this one), where the defendant's conduct "caused the loss or inadequate settlement" of a case, "the complaint must identify a remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought." *Christopher v. Harbury*, 536 U.S. 403, 413-15 (2002).

A plaintiff must also allege that the defendant's conduct prevented him from pursuing a *non-frivolous* case. *Harbury*, 536 U.S. at 415; *Lewis*, 518 U.S. at 353 & n.3; *Allen v. Sakai*, 48 F.3d 1082, 1085 & n.12 (9th Cir. 1994). A claim "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). To properly plead a

3

denial of access to the courts claim, "the complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it." *Harbury*, 536 U.S. at 417-18.

In screening the original complaint, the court found that plaintiff had not stated what claim(s) he pursued in *Chacon* nor any facts showing how the lack of legal research impacted that case. In the amended complaint, plaintiff has adequately pleaded how the lack of research impacted the case. However, plaintiff again fails to state the claim he pursued in *Chacon* "just as if it were being independently pursued." An attachment to the complaint reveals that *Chacon* was a "civil rights use of force" case but does not further elaborate on the claim, and plaintiff has not pleaded the facts of his *Chacon* claim in the amended complaint itself. Accordingly, the court cannot determine whether plaintiff's claim in *Chacon* was non-frivolous, and the amended complaint must be dismissed for failure to state a claim.

Leave to Amend. The court will grant plaintiff an opportunity to file an amended complaint to attempt to cure the defects identified in this order.

Any amended complaint must comply with Federal Rule of Civil Procedure 8(a)'s direction to state each claim in a short and plain manner. The amended complaint must contain facts – not legal conclusions – supporting each element of the claims alleged.

Any amended complaint must not join unrelated claims. Federal Rule of Civil Procedure 18(a) allows a plaintiff to assert multiple claims when they are against a single defendant. Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Unrelated claims against different defendants must therefore be pursued in separate lawsuits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees— for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the

required fees. 28 U.S.C. § 1915(g)." *Id*.

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims in the amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* Local Rule 110.

### III.     Summary of Order

Accordingly, it is ORDERED that the amended complaint (ECF No. 14) is dismissed with leave to file a second amended complaint within 30 days of service of this order. The amended complaint must bear the docket number assigned to this case and be titled "Second Amended Complaint." Failure to comply with this order may result in a recommendation that this action be dismissed for failure to state a claim and/or failure to prosecute.

Dated: May 12, 2025

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5